In the United States District Court
for the Eastern District of North Carolina
Western Division
No. 5:19-cv-155-BO

| | |
|---|---|
| Dean Chrismon, )<br>)<br>*On behalf of himself and those* )<br>*similarly situated*, )<br>) <br>) Plaintiff's Unopposed Motion for<br>Plaintiff, ) Final Settlement Approval<br>)<br>v. )<br>)<br>Meadow Greens Pizza, *et al.*, )<br>)<br>Defendants. ) | |

Plaintiff asks that the Court grant final approval of the parties' Settlement Agreement, Doc. 32-1, and dismiss the case with prejudice, with the Court retaining jurisdiction to enforce the Agreement, including issues pertaining to claims made against the Reserve Fund. The Settlement Agreement resolves the collective and class-wide claims raised in this lawsuit.

Respectfully submitted,

This 29th day of June 2020

*/s/Phil Krzeski*
Mary-Ann Leon
N.C. State Bar No. 26476
The Leon Law Firm, P.C.
704 Cromwell Dr., Ste E
Greenville, NC 27858
Telephone: (252) 830-5366
*maleon@leonlaw.org*
www.leonlaw.org
Local Rule 83.1(d) Counsel

1

Andrew R. Biller (Ohio Bar # 0081452)
Biller & Kimble, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
*abiller@billerkimble.com*

Andrew P. Kimble (Ohio Bar # 0093172)
Philip J. Krzeski (Ohio Bar # 0095713)
Louise M. Roselle (Ohio Bar # 0014844)
Biller & Kimble, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Telephone: (513) 202-0710
Facsimile: (614) 340-4620
*akimble@billerkimble.com*
*pkrzeski@billerkimble.com*
*lroselle@billerkimble.com*

*Counsel for Plaintiffs*

# Memorandum in Support of Plaintiff's Unopposed Motion for Final Settlement Approval

On January 16, 2020, the Court granted preliminary approval of the parties' Rule 23 class/FLSA collective action settlement, and ordered the Parties to distribute Notice of the Settlement to the class. *See* Order, Doc. 33.

The Notice process is now complete. Of the 531 pizza delivery drivers who make up the settlement class, 200 returned claim forms as of June 19, 2020. No Class Member has either opted out of or objected to the settlement. Under the terms of the settlement, the class members who submitted claims will receive an average award of approximately $1,856.09, with no deductions for attorneys' fees and costs, which were separately negotiated.

The Parties now seek an order (1) granting final approval of the Settlement Agreement previously filed as Doc. 32-1 as fair, reasonable and adequate; (2) certifying this case as an FLSA collective action and Rule 23 class action for settlement purposes; (3) approving the requested award of attorneys' fees and costs; (5) approving the service award; (6) permanently enjoining all settlement class members from prosecuting against the Released Parties (as defined in the Agreement) any and all of the Released Claims (as defined in the Agreement); (7) dismissing the action with prejudice, with the Court to retain jurisdiction to enforce the Agreement, including issues pertaining to claims made against the Reserve Fund; and (8) ordering the parties to carry out the remaining terms of the Settlement Agreement.

FP 38081980.2

1. **Background of the Lawsuit, Claims, and Settlement.**

In Plaintiff's Motion for Preliminary Settlement Approval (Doc. 32), Plaintiff detailed the claims asserted in this lawsuit, the course of the litigation, the settlement negotiations and considerations, the scope of the release of claims, and the terms of the settlement. Plaintiff incorporates that Motion herein in its entirety.

Because Plaintiff incorporates the Motion for Preliminary Approval, he will not recount the details of his claims and the settlement in the present Motion. In summary, Plaintiff alleges that Defendants, operators of a Domino's franchisee, underpay their pizza delivery drivers because they do not adequately reimburse for automobile-related expenses incurred for Defendants' benefit. Plaintiff alleges that this practice violates the Fair Labor Standards Act and North Carolina Wage and Hour Act. Defendants claim that they have properly reimbursed the delivery drivers and paid all wages due.

The parties' settlement resolves the claims asserted in the lawsuit on behalf of a Settlement Class of pizza delivery drivers employed by Defendant Meadow Greens Pizza, LLC and Cleveland City Management, LLC from May 3, 2016 to September 4, 2019, and for delivery drivers who worked for JPO Management Co., LLC from May 3, 2016 to November 18, 2018. Pursuant to the Settlement Agreement, class members who returned a timely and valid claim form will receive a *pro rata* share of the Settlement Fund of $400,000 (less the administrator's costs and fees, a service award to Plaintiff, and class counsel's costs) based on the number of miles they drove during the class period. The Settlement Agreement also creates a Reserve Fund of $50,000 to be distributed to Class Members who did not timely submit a claim form during the Notice Period, but who submit a claim form within six months after the first settlement check is issued. *See* Doc. 32-1,

Settlement Agreement, ¶ 23. Finally, the Settlement Agreement contemplates Class Counsel's attorneys' fees being paid separate from and in addition to the Settlement Fund that will be distributed to the class. *Id.* at ¶¶ 34-35.

On January 16, 2020, the Court granted preliminary approval of the parties' Settlement Agreement. Doc. 33. The parties have completed the Notice and Claim process, and now seek final approval of the settlement.

**2. The Notice Process and Settlement Award Calculations**

Pursuant to the Settlement Agreement, the parties retained a Settlement Administrator, CAC Services Group, LLC (the "Administrator"), to complete the Notice process. The Administrator sent the Notice by first class mail to 531 class members, as well as CAFA notices to the appropriate government officials. *See* Exhibit 1, Declaration of Nancy Johnson, Claims Administrator ("Johnson Decl."). At the same time, Class Counsel disseminated the Notice via email to approximately 440 class members for whom e-mail addresses were available.

The class' response rate was quite high. To date, 200 class members—over 37% of the Class—returned valid claim forms. None of the class members opted out of the settlement or objected to the settlement. Fifty-six Notices were returned as undeliverable, and were not able to be forwarded or re-sent, despite the Administrator's efforts to locate updated addresses for them. The results of the Notice process are described in the chart below:

|  | **Numbers** | **Percent of Total Class** |
|---|---|---|
| **Total Class Members** | 531 | 100% |
| **Claim Forms Received** | 200 | 37.6% |
| **Opt-outs** | 0 | 0% |
| **Objectors** | 0 | 0% |

The 200 individuals who submitted claim forms (i.e., the "Authorized Claimants") account for approximately 37% of the class. But, according to Defendants' data, they make up approximately *half* of the unpaid wages suffered by the class.[1] This suggests that the longest-term employees, who suffered the most potential damages, are the employees who submitted claim forms. After deducting for expenses and for Plaintiff's incentive award,[2] the Authorized Claimants will each receive a *pro rata* share of the Settlement Fund based on the number of miles they drove during the settlement period. This calculation results in the Authorized Claimants each receiving an award of approximately $.13 per mile driven, in addition to the reimbursement paid by Defendants during their employment. Based on the data Defendants provided, this amounts to approximately 36% of their unpaid wages if those wages were calculated using an approximate IRS standard business mileage rate of $.55 per mile, and 45% of approximate unpaid wages if those wages were calculated at a compromise rate of $.45 per mile. On average, each Authorized Claimant will receive approximately $1,856.09. The individual settlement awards range from about $2.42 to approximately $16,344.25, based on the number of miles driven by each Authorized Claimant.

Notably, pursuant to the terms of the Settlement Agreement, the class members who did not return a claim form will not receive any portion of the Settlement Fund, but they can still make a claim for money from the Reserve Fund until six months after the first check is issued under the Settlement Agreement.

---

[1] The parties' settlement is based on an estimate that the delivery drivers suffered approximately $2 million in unpaid wages, if their under-reimbursement claim is calculated at $.55 per mile. *See* Motion for Preliminary Approval, Doc. 32, Section 2.3. Plaintiff estimates that the Authorized Claimants' approximate unpaid wages, if calculated at $.55 per mile, are $1,044,039.08.

[2] After subtracting claims administration costs, litigation expenses, and the incentive award, the amount to be distributed to class is $371,218.63.

3. **Class Action Settlement Procedure**

   The Rule 23 class action settlement procedure includes three distinct steps:

   1. Preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval;

   2. Dissemination of mailed and/or published notice of settlement to all affected Class Members; and

   3. A final settlement approval hearing at which Class Members may be heard regarding the settlement, and at which arguments concerning fairness, adequacy, and reasonableness of the settlement may be presented.

*See* Fed. R. Civ. P. 23(e); *see also* Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("Newberg") §§ 11.22, *et seq.* (4th ed. 2002). This process safeguards Class Members' procedural due process rights and enables the Court to fulfill its role as a guardian of the class's interest. With this Motion, Plaintiff requests that the Court take the final step—approval of the Settlement Agreement, certifying the class and collective action for settlement purposes.

The Parties respectfully submit the following proposed schedule for final resolution of this matter for the Court's consideration and approval:

- Within fifteen (15) days of the Effective Date (as defined in the Agreement), Defendants shall send to the Claims Administrator an amount sufficient to pay all Class Members who submitted Claim Forms on the Final Payment List, Class Counsel's approved attorneys' fees and costs, and the Class Representative's Service Award. Doc. 32-1 at ¶ 42(f).

- Within fifteen (15) days of receipt of the settlement funds, the Administrator shall issue checks to Class Members who submitted Claim Forms, Class Counsel, and Class Representatives. *Id.* at ¶ 42(g).

- Class Members who did not make a claim during the Notice Period, but who make a claim within the Reserve Fund Period will receive up to 80% of their Potential Settlement Payment, had they submitted a Claim during the Notice Period. *Id.* at ¶ 42(h).

- Within thirty (30) days of the close of the Reserve Fund, Defendants shall send to the Administrator an amount sufficient to pay all claims made during the Reserve Fund Period and Class Counsel's approved attorneys' fees related to the Reserve Fund. *Id.* at ¶ 42(j).

**4. The Settlement is fair, reasonable, and adequate, and should be approved by the Court.**

Rule 23(e) requires court approval for a class action settlement so that it is procedurally and substantively fair, reasonable, and adequate. FED.R.CIV.P.23(e). Courts examine the fairness, reasonableness, and adequacy of a class settlement in light of the "strong initial presumption that the compromise is fair and reasonable." *In re Microstrategy, Inc., Sec. Litig.*, 148 F.Supp.2d 654, 663 (E.D. Va. 2001) (internal quotations omitted); *see In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158-59 (4th Cir. 1991); *see also Ehrheart v. Verizon Wireless,* 609 F.3d 589, 594-95 (3d Cir. 2010) (there is an "especially strong" presumption in favor of voluntary settlements "in class actions…where substantial judicial resources can be conserved by avoiding formal litigation").

The Fourth Circuit has established the standard for determining final approval of a class action settlement, examining five factors: (1) whether the settlement was the product of good faith bargaining, at arm's length, and without collusion; (2) the relative strength of the Parties' cases, as well as the uncertainties of litigation on the merits, and the existence of difficulties of proof or strong defenses that the plaintiffs are likely to encounter at trial; (3) the complexity, expense, and likely duration of additional litigation; (4) the solvency of defendants and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement by class members. *In re Jiffy Lube Sec. Litig.*, 927 F.2d at 159; *see also Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975).

In their Motion for Preliminary Settlement Approval, Plaintiff explained why the parties' settlement is a fair, reasonable, and adequate resolution of the claims asserted in this lawsuit under

the first four factors identified in *Jiffy Lube*. Doc. 32, pp. 9-17. The Court, in its Order granting preliminary approval, held that the proposed settlement fell within the "range of reasonableness." Doc. 33, ¶ 7.

The fifth factor identified in *Jiffy Lube*—the degree of opposition to the settlement by class members—is now ripe for consideration. None of the class members have objected to the Settlement Agreement. Nor have any of the class members opted out of the Settlement Agreement. As a result, like the first four factors, factor five supports granting approval of the settlement.

Because all five factors favor approval, the Court should grant final approval.

**5. Certification of the Settlement Class is Appropriate.**

Plaintiff explained in detail why Rule 23 class certification is appropriate in their Motion for Preliminary Approval, and incorporates those arguments herein. *See* Doc. 32, pp.17-25. In its Order granting preliminary approval, this Court agreed that the proposed class contemplated by the parties' settlement agreement met the requirements for class certification under Rule 23. Doc. 33, ¶¶ 2-5. Since then, notice of the settlement has been disseminated to the class, and none of the class members have opted out or objected to the settlement. It is appropriate for the Court to grant final certification of the Settlement Class.[3]

---

[3] Subject to the approval of the Court, and for settlement only, Defendants do not contest whether Plaintiff has satisfied the requirements for class certification pursuant to Rule 23. Any class certification order entered in this Action pursuant to the Settlement Agreement shall not constitute a waiver or admission, in this or in any other proceeding, by Defendants of a finding or evidence that Plaintiff's claims, the claims of any person in the Settlement Class, or any Released Claims are appropriate for class treatment, or that any requirement for class certification is otherwise satisfied in this Action. Defendants in no way waive their respective rights to challenge Plaintiff's allegations that a class may be certified in this Action, in the event that the Settlement Agreement does not become effective for any reason.

### 6. The payment of attorneys' fees and costs is reasonable.

In its Order granting preliminary approval, the Court provisionally approved Plaintiff's Counsel's request for attorneys' fees and costs. Doc. 33, ¶ 9. The Court then explained that "[t]he fees and costs will be approved after the final hearing occurs, taking into account any objections." *Id*. The Notice period is complete and no class members have objected to Plaintiff's Counsel's requested attorneys' fees and costs.

Plaintiff's Counsel applies for one-third of the settlement fund, or $133,333.00, plus an amount not to exceed one-third of the amount paid out of the Reserve Fund, or up to $16,667.00 as attorneys' fees negotiated and paid *separately from* the Settlement Fund. As a result, no Authorized Claimant will see their award amount reduced because of attorneys' fees. This fee award is in line with awards in the Fourth Circuit.

The Fourth Circuit examines the reasonableness of a fee request through a percentage of fund analysis subject to a lodestar cross-check. *See, e.g., Devine v. City of Hampton*, *Virginia*, No. 4:14-cv-81, 2015 WL 10793424, at *3 (E.D. Va. Dec. 1, 2015) (settlement agreement provided attorney's fees in the amount of approximately 33% of the settlement fund); *Hatzey v. Divurgent, LLC*, No. 2:18-cv-191, 2018 WL 5624300, at *4 (E.D. Va. Oct. 9, 2019) (awarding one-third of settlement fund of $2,450,000); *Hoffman v. First Student Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *3 (D.Md. March. 23, 2010) ("Under the FLSA and the terms of lead class members' agreement with counsel, Plaintiffs' counsel may recover one-third of the damages award. Because this amount appropriately reflects the time spent and expenses incurred by Plaintiffs' counsel in this litigation, fees and costs are reasonable and appropriate"); *DeWitt v. Darlington Cty., S.C.*, No. 11 Civ. 740, 2014 WL 6408371, at *9 (D.S.C. Dec. 6, 2013) (noting that "[o]ne-third of the

10

recovery appears to be a fairly common percentage in contingency cases, especially where the settlement amount is not-so large as to produce a windfall"); *Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 483 (D. Md. 2014) (upholding attorneys' fee award of one third of $3,050,000 settlement fund); *Deem v. Ames True Temper, Inc.*, No. 6:10-CV-01339, 2013 WL 2285972, at *6 (S.D.W. Va. May 23, 2013) (awarding one third of settlement amount as attorneys' fee award); *Montague v. Dixie Nat. Life Ins. Co.*, No. 09 Civ. 687, 2011 WL 3626541, at *2-3 (D.S.C. Aug. 17, 2011) (finding 33% attorneys' fee award reasonable).

The Settlement Agreement contemplates Class Counsel receiving attorneys' fees of 1/3 of the Settlement Fund. But, instead of this money coming out of the Settlement Fund—and thereby reducing the amount that will go to class members—Class Counsel's attorneys' fees will be paid *in addition to* the Settlement Fund. As a result, the attorneys' fees requested are approximately 25% of the total fund created in this settlement ($133,333 / $533,333 = 24.9%). *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 481-82 (1980) (explaining that the "fund" includes all of the benefits obtained on behalf of the class, including attorneys' fees, litigation costs, and claims administration fees).

To date, Plaintiff's Counsel's current lodestar is $78,260.00, which is based on 176.2 hours worked at an average hourly rate of $444.15 per hour. This hourly rate is reasonable in light of Plaintiff's Counsel's experience in pizza delivery driver litigation. *See Brandenburg v. Cousin Vinny's*, No. 3:16-cv-516, 2019 WL 6310376, *6 (S.D. Ohio Nov. 25, 2019) (approving the same rates for Plaintiff's Counsel as requested here in a similar pizza delivery driver case). As such, to the extent the Court considers a "lodestar cross-check," the attorneys' fees contemplated by the

Settlement Agreement are reasonable. *See, e.g.*, *Devine*, 2015 WL 10793424, at *3; *Hatzey*, 2018 WL 5624300, at *4; *Hoffman*, 2010 WL 1176641, at *3; *DeWitt*, 2014 WL 6408371, at *9.

In addition to the hours spent on this case, Plaintiff's Counsel have spent thousands of hours on similar pizza delivery driver cases which allowed Plaintiff's Counsel to efficiently represent the delivery drivers in this case. *Mullins v. Southern Ohio Pizza, Inc.*, No. 1:17-cv-426, 2019 WL 275711, *5 (S.D. Ohio Jan. 18, 2019) ("In addition to the hours worked directly on this case, Plaintiff's counsel, having established an expertise in "pizza delivery driver" litigation, have expended thousands of hours on similar cases which informed and enhanced their representation of Plaintiff here."); *Young v. Rolling in the Dough, Inc.*, No. 1:17-cv-7825, 2020 WL 969616, *5 (N.D. Ill. Feb. 27, 2020) (finding that "Class Counsel litigates pizza delivery driver cases all around the country with success, and has been counsel in a number of 'landmark' decisions in this area.").

Finally, Plaintiff's Counsel's litigation costs are $6,860.05. These costs primarily went toward background investigations, travel costs, and mediation.

Plaintiff's Counsel's requested attorneys' fees and costs are reasonable and should be approved.

**7. The service award to Plaintiff should be approved.**

Likewise, the Court held in its Order granting preliminary approval that "[t]he service award is approved, absent any objections at the Final Fairness Hearing." Doc. 33, ¶ 10. To date, no class member has objected the service award of $10,000 to Plaintiff. None of the class members would have recovered anything without Plaintiff's efforts. The service award is reasonable and should be approved. *See, e.g., Cook v. Niedert*, 142 F.3d 1004, 1006 (7th Cir. 1998) ("Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it

is necessary to induce an individual to participate in the suit"). This is especially true in employment litigation. *See Velez v. Majik Cleaning Servs., Inc.*, No. 03 Civ. 8698, 2007 WL 7232783, *7 (S.D.N.Y. June 25, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers."). Plaintiff asks that the Court approve the service award to Plaintiff. As noted previously, the award is in line with similar cases. Doc. 32, Plaintiff's Preliminary Approval Motion, citing cases.

## 8. Conclusion

For the reasons set forth above, Plaintiff respectfully requests that the Court grant his Motion for Final Settlement Approval and for an Award of Attorneys' Fees and Expenses and enter the Proposed Order.

Respectfully submitted,

This 29th day of June 2020

/s/Phil Krzeski
Mary-Ann Leon
N.C. State Bar No. 26476
The Leon Law Firm, P.C.
704 Cromwell Dr., Ste E
Greenville, NC 27858
Telephone: (252) 830-5366
*maleon@leonlaw.org*
www.leonlaw.org
Local Rule 83.1(d) Counsel

Andrew R. Biller (Ohio Bar # 0081452)
Biller & Kimble, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
*abiller@billerkimble.com*

13

Andrew P. Kimble (Ohio Bar # 0093172)
Philip J. Krzeski (Ohio Bar # 0095713)
Louise M. Roselle (Ohio Bar # 0014844)
BILLER & KIMBLE, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Telephone: (513) 202-0710
Facsimile: (614) 340-4620
*akimble@billerkimble.com*
*pkrzeski@billerkimble.com*
*lroselle@billerkimble.com*

*Counsel for Plaintiffs*

## Certificate of Service

      The undersigned hereby certifies that on the 29th day of June 2020, a copy of the foregoing was filed through the Court's ECF system and Defendants will receive a copy when an appearance is entered in this case.

*/s/Phil Krzeski*
Philip Krzeski

FP 38081980.2