FILED IN OPEN COURT
ON 7/7/20 f-5
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

In the United States District Court
for the Eastern District of North Carolina
Western Division
No. 5:19-cv-155-BO

| | |
|---|---|
| Dean Chrismon, *On behalf of himself and those similarly situated,* Plaintiff, v. Meadow Greens Pizza, *et al.*, Defendants. | Order Granting Unopposed Motion for Final Settlement Approval |

Before the Court is Plaintiff Dean Chrismon's unopposed Motion for Final Settlement Approval. The Court, having reviewed Plaintiff's Unopposed Motion for Final Settlement Approval and considered the arguments made during the Final Approval Hearing, hereby GRANTS Plaintiff's Motion.

**1. Background**

This is a wage and hour lawsuit brought on behalf of a class of pizza delivery drivers who worked at the Domino's Pizza stores owned and operated by Defendants Meadow Greens Pizza, LLC, Cleveland Citty Management, LLC, JPO Management Co., LLC, Ryke Citty, and John P. O'Leary. *See* Complaint, Doc. 1. Plaintiff filed his Complaint on April 17, 2019. *Id.* On August 24, 2019, Plaintiff moved to conditionally certify this matter as a collective action. *See* Doc. 9-10. On June 20, 2020, before Plaintiff's Motion was decided, the Parties submitted a Joint Motion to Stay this action to allow time for the parties to try to resolve the case. Doc. 20. In their Joint Motion, the parties' stipulated that if they were not able to settle the case, FLSA collective action

1

notice would be distributed to putative opt in plaintiffs. *Id.* The Court granted the Joint Motion. Doc. 21. The parties attended a mediation on September 4, 2019 that eventually resulted in the Settlement Agreement now before this Court. Pursuant to the Settlement Agreement, Notice of the Settlement was sent to 531 delivery drivers, and 200 returned valid claim forms and will therefore receive a portion of the Settlement Fund.

Plaintiff's primary claim in this lawsuit is that Defendants paid delivery drivers at or close to minimum wage and, at the same time, required delivery drivers to pay for their own delivery expenses like vehicle maintenance, insurance, vehicle wear and tear, etc., but failed to sufficiently reimburse the drivers for these costs. Plaintiff maintains that employers must reimburse their employees for these costs. *See, e.g.,* 29 C.F.R. 531.35; *Yu G. Ke v. Saigon Grill, Inc.,* 595 F.Supp.2d 240, 258 (S.D.N.Y. Oct. 21, 2008) ("Indeed, there is substantial legal authority for the proposition that mechanisms for transportation-typically motor vehicles-can be tools of the trade." (citing cases)). Plaintiff maintains that employers of minimum wage delivery drivers must either (1) track and reimburse actual expenses or (2) reimburse at the IRS standard business mileage rate. DOL Field Operations Handbook § 30c15; *Hatmaker v. PJ Ohio, LLC*, No. 3:17-cv-146-TMR, 2019 WL 5725043, *7 (S.D. Ohio Nov. 5, 2019). Defendants claim that they are not required to reimburse at the IRS rate or reimburse actual expenses, but instead may reasonably approximate the expenses associated with employees' business use of their personal vehicles, have adequately reimbursed the delivery drivers for all of their expenses, and have at all times paid them properly. *Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 721 (E.D. Mo. July 8, 2015) (citing 29 C.F.R. § 778.217). Defendants maintain that the *Hatmaker* decision is contrary to other pizza delivery driver cases. *See, e.g., Sullivan v. PJ United, Inc.,* 362 F. Supp. 3d 1139, 1154, 1153-55 (N.D.

2

Ala. 2018). Defendants also deny that Plaintiff's claims are proper for class or collective action treatment, except for purposes of settlement.

Plaintiff claims that this practice results in a violation of the Fair Labor Standards Act and the North Carolina Wage and Hour Act. Doc. 1. Defendants deny Plaintiff's claims and claim they paid and reimbursed their delivery drivers properly.

### 2. The Settlement Agreement

The parties' Settlement Agreement creates a Settlement Fund of $400,000, and a Reserve Fund of $50,000. The Agreement also contemplates Plaintiff's Counsel's attorneys' fees of 1/3 of these funds being paid *in addition* to the Settlement Fund.

The parties hired a Claims Administrator to distribute the Notice of Settlement. Notice was sent to 531 class members, and 200 class members returned valid claim forms. *See* Motion for Final Approval, p. 3. Defendants also complied with the Class Action Fairness Act ("CAFA") by sending notices to the appropriate government officials. *See* Motion for Final Approval, p. 5.

After deducting administration costs, litigation expenses, and the service award for Plaintiff, the Settlement Fund is allocated to the class members who returned claim forms (the "Authorized Claimants") on a *pro rata* basis, based on the number of miles each individual drove during the settlement period. *Id.* at p. 4. On average, each Authorized Claimant will receive an average of approximately $1,856.09, with no deductions for attorneys' fees and costs. In exchange for their share of the Settlement Fund, the Authorized Claimants are subject to the following release of claims:

> Upon the Effective Date of the Settlement, the Class Representative and the Authorized Claimants will release and forever discharge Defendants, and each of their former and present predecessors, successors, parents, subsidiaries, franchisors, insurers, and affiliates, whatever their current or former legal names or legal entity status, and each of their respective current and former owners, officers, directors, employees, partners, shareholders, and agents, and any other successors,

3

assigns, or legal representatives ("Released Parties"), from any and all claims, rights, demands, liabilities and causes of action arising during the Release Period under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and North Carolina state and local wage and hour claims (including but not limited to claims under the common law (e.g., breach of contract, unjust enrichment, etc.,) and North Carolina Wage and Hour Act, N.C.G.S.A. §§ 95-25-1 *et seq.*) based on facts asserted in the Action, including claims for mileage reimbursement, dual jobs/80-20 claims, and tip credit notice claims.

Settlement Agreement, ¶ 49.

The class members who do not return a claim form are eligible for a period of six months after the first check is issued under the Settlement Agreement to make a claim for an award from the Reserve Fund. The Reserve Fund totals $50,000, and will be distributed to those who make claims between the date of Final Approval and six months after the first check is issued. Under the terms of the Settlement Agreement, these class members agree to the following release of claims:

All other Participating Class Members will release and forever discharge the Released Parties, from any and all claims, rights, demands, liabilities and causes of action arising during the Release Period under North Carolina state and local wage and hour claims (including but not limited to claims under the common law (e.g., breach of contract, unjust enrichment, etc.,) and North Carolina Wage and Hour Act, N.C.G.S.A. §§ 95-25-1 *et seq.*) based on facts asserted in the Action, including claims for mileage reimbursement, dual jobs/80-20 claims, and tip credit notice claims.

Settlement Agreement, ¶ 50.

In addition to the Settlement Fund, Defendants have agreed to pay attorneys' fees in the amount of 1/3 of the Settlement Fund, or $133,333, and 1/3 of the Reserve Fund, or $16,667.00.

### 3. Analysis

#### a. Class Certification is Appropriate for Settlement Purposes.

The Court hereby certifies the following Rule 23 settlement class:

All current and former delivery drivers employed by Defendants Meadow Greens Pizza, LLC and Cleveland Citty Management, LLC from May 3, 2016 until

4

September 4, 2019 and delivery drivers who worked for Defendant JPO Management Co., LLC from May 3, 2016 through November 18, 2018.

The Settlement Class meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b) (3) for purposes of settlement.[1] *See, e.g., Young v. Rolling in the Dough, Inc.,* No. 1:17-cv-7825, 2020 WL 969616, *3 (N.D. Ill. Feb. 27, 2020) (approving a Rule 23 settlement class of Domino's drivers asserting similar claims).

Federal Rule of Civil Procedure 23(a)(1) is satisfied because there are 531 class members, and thus, joinder is impracticable. Doc. 35, Plaintiff's Unopposed Motion for Final Approval, p. 3.

Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2) because Plaintiff and the class members share common issues of fact and law. "Commonality is satisfied where there is one question of law or fact common to the class, and a class action will not be defeated solely because of some factual variances in individual grievances." *Jeffreys v. Commc'ns Workers of AM., AFL-CIO,* 212 F.R.D. 320, 322 (E.D. Va. 2003). Plaintiff alleges that Defendants' reimbursement policy harmed all of the class members in the same way. Defendants do not contest that commonality is satisfied for settlement purposes.

For the same reason, Plaintiff satisfies the typicality requirement in Federal Rule of Civil Procedure 23(a)(3) because Plaintiff's claims arise from the same factual and legal circumstances that form the basis of the class members claims. Doc. 32, Motion for Preliminary Approval, p. 21. Defendants do not contest that typicality is satisfied for settlement purposes.

---

[1] The Court acknowledges that Defendants agreed to class certification pursuant to Rule 23 and collective action certification pursuant to Section 216(b) for settlement purposes only.

5

Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that he has interests antagonistic to or at odds with those of Class Members. *Jeffreys,* 212 F.R.D. at 323.

Plaintiff also satisfies Federal Rule of Civil Procedure 23(b)(3). *Id.* at 323. Class members' common factual allegations and legal theory—that Defendants under-reimbursed the delivery drivers, paid them at the wrong rate for some hours, and took improper deductions from wages—predominate over any factual or legal variations among Class Members. Defendants do not contest predominance is satisfied for settlement purposes.

The Court appoints Biller & Kimble, LLC, and The Leon Law Firm as class counsel because they meet all of the requirements of Rule 23(g).

Finally, the Court finds that the Class Notice process undertaken by the Claims Administrator met the requirements of Rule 23(e)(1), and the government notices provided met the requirements of CAFA. Doc. 35, Plaintiff's Unopposed Motion for Final Approval, p.5.

The Court also finds that all FLSA opt in Plaintiffs are properly joined to the case, and that the case is properly certified as a collective action pursuant to Section 216(b) of the FLSA.

The Court **GRANTS** certification of a Rule 23 and FLSA Section 216(b) settlement class of Defendants' delivery drivers employed by Defendant Meadow Greens Pizza, LLC and Cleveland Citty Management, LLC from May 3, 2016 until September 4, 2019 and delivery drivers who worked for JPO Management Co., LLC from May 3, 2016 through November 18, 2018.

### b. The parties' settlement is fair, reasonable, and adequate.

Rule 23(e) requires court approval for a class action settlement so that it is procedurally and substantively fair, reasonable, and adequate. FED. R. CIV. P. 23(e); *United States v. North Carolina,* 180 F.3d 574, 581 (4th Cir. 1999).

There is a strong judicial policy in favor of settlement, in order conserve scarce resources that would otherwise be devoted to protracted litigation. *See In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158-59 (4th Cir. 1991); *In re Microstrategy, Inc., Sec. Litig.*, 148 F.Supp.2d 654m 663 (E.D. Va. 2001); *see also Ehrheart v. Verizon Wireless,* 609 F.3d 589, 594-95 (3d Cir. 2010) (there is an "especially strong" presumption in favor of voluntary settlements "in class actions...where substantial judicial resources can be conserved by avoiding formal litigation"); Newberg §§ 11.41 ("The compromise of complex litigation can be encouraged by the courts and favored by public policy."). This includes the "strong initial presumption" in class action cases "that the compromise is fair and reasonable." *In re Microstrategy*, 148 F.Supp.2d at 663 (internal quotations omitted).

Courts in the Fourth Circuit evaluate the following factors in determining whether to approve a class action settlement: (1) whether the settlement was the product of good faith bargaining, at arm's length, and without collusion; (2) the relative strength of the Parties' cases, as well as the uncertainties of litigation on the merits, and the existence of difficulties of proof or strong defenses that the plaintiffs are likely to encounter at trial; (3) the complexity, expense, and likely duration of additional litigation; (4) the solvency of defendants and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement by class members. *In re Jiffy Lube Sec. Litig.*, 927 F.2d at 159; *see also Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975).

First, the Court finds that this settlement was reached in good faith as a result of arm's length negotiations. The settlement was reached at an early stage in the case, but only after substantial information was exchanged about the possible damages in the case. Counsel for both parties are well-versed in pizza delivery driver litigation, having litigated a number of cases across

7

the country, and were therefore able to evaluate the strengths and weaknesses of the case based on the discovery exchanged. Doc. 32, pp. 11-13.

Second, wage and hour class and collective actions, such as this, are inherently complex and time-consuming. *Arledge v. Domino's Pizza, Inc.*, No. 3:16-cv-386-WHR, 2018 WL 5023950, *5 (S.D. Ohio Oct. 17, 2018) (concluding a case raising a similar delivery driver reimbursement claim "involved complicated issues of fact and law."). Defendants dispute liability and raise a number of defenses. The settlement amount is not the full amount that the delivery drivers could have received at trial, but the settlement eliminates the possibility that the delivery drivers might receive nothing at trial. Indeed, "[i]f settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome." *In re Ira Hupt & Co.*, 304 F.Supp. 917, 934 (S.D.N.Y. 1969).

Third, the likelihood of recovery of a judgment supports approving the settlement. The parties report that Defendants have sold the vast majority of their Domino's stores, and acknowledge that franchisees operate on thin margins. Doc. 32, p 17.

Fourth, none of the class members have objected to or opted out of the settlement. These factors support approval of the settlement.

The Court therefore **APPROVES** the parties' Settlement Agreement as fair, adequate, and reasonable.

### c. Fees, Expenses, and Service Awards

Plaintiff's Counsel asks the Court to approve an attorneys' fees award of one-third of the Settlement Fund, *i.e.*, $133,333, and one-third of the Reserve Fund, *i.e.*, $16,667, paid in addition to the Settlement Fund. Defendants do not object to the requested fee award. In granting preliminary approval, the Court provisionally approved Plaintiff's Counsel's request for fees and

8

costs, and explained that the fees and costs would be finally approved after taking into account any objections. Doc. 33, p. 3. The Notice period is closed, and no class members objected to the settlement or the requested fees and costs.

Many courts in the Fourth Circuit have held that attorneys' fees in the amount of 1/3 of the settlement fund is reasonable. *See, e.g., Devine v. City of Hampton, Virginia*, No. 4:14-cv-81, 2015 WL 10793424, at *3 (E.D. Va. Dec. 1, 2015) (settlement agreement provided attorney's fees in the amount of approximately 33% of the settlement fund); *Hatzey v. Divurgent, LLC*, No. 2:18-cv-191, 2018 WL 5624300, at *4 (E.D. Va. Oct. 9, 2019) (awarding one-third of settlement fund of $2,450,000); *Hoffman v. First Student Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *3 (D.Md. March. 23, 2010) ("Under the FLSA and the terms of lead class members' agreement with counsel, Plaintiffs' counsel may recover one-third of the damages award. Because this amount appropriately reflects the time spent and expenses incurred by Plaintiffs' counsel in this litigation, fees and costs are reasonable and appropriate"); *DeWitt v. Darlington Cty., S.C.*, No. 11 Civ. 740, 2014 WL 6408371, at *9 (D.S.C. Dec. 6, 2013) (noting that "[o]ne-third of the recovery appears to be a fairly common percentage in contingency cases, especially where the settlement amount is not-so large as to produce a windfall"); *Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 483 (D. Md. 2014) (upholding attorneys' fee award of one third of $3,050,000 settlement fund); *Deem v. Ames True Temper, Inc.*, No. 6:10-CV-01339, 2013 WL 2285972, at *6 (S.D.W. Va. May 23, 2013) (awarding one third of settlement amount as attorneys' fee award); *Montague v. Dixie Nat. Life Ins. Co.*, No. 09 Civ. 687, 2011 WL 3626541, at *2-3 (D.S.C. Aug. 17, 2011) (finding 33% attorneys' fee award reasonable).

The Court finds this request for attorneys' fees to be fair, adequate, and reasonable, and therefore **GRANTS** Plaintiff's Counsel's request for attorneys' fees in the amount of $150,000, paid in addition to the Settlement Fund.

The Court also **GRANTS** Plaintiff's Counsel's request for reimbursement of litigation costs in the amount of $6,860.05, and **APPROVES** the claims administration costs of $11,921.32 as fair, adequate, and reasonable.

### i. Service Award

The Court also approves the request for a service award in the amount of $10,000 to Dean Chrismon. Mr. Chrismon filed this case when he was a current employee of Defendants at great risk to himself, provided valuable insight to his Counsel throughout the case, and his efforts resulted in substantial payments to at least 200 minimum wage pizza delivery drivers. The requested service award is reasonable. *See, e.g., Mullins*, 2019 WL 275711, *6 (approving $10,000 service award in pizza delivery driver case); *Arledge*, 2018 WL 5023950, *6 (approving $10,000 service award in pizza delivery driver case); *Brandenburg*, 2019 WL 6310376, *7 (approving $10,000 service award in pizza delivery driver case); *Young*, 2020 WL 969616, *7. Accordingly, the Court **GRANTS** Plaintiff's request for a service award of $10,000.

### 4. Conclusion

Having reviewed Plaintiff's unopposed motion for final approval, the Court **GRANTS** the motion. Settlement Class Members are permanently enjoined from prosecuting against the Released Parties (as defined in the Agreement) any and all of the Released Claims (as defined in the Agreement).

This action is hereby **DISMISSED** with prejudice, with the Court to retain jurisdiction to enforce the Agreement, including issues pertaining to claims made against the Reserve Fund. The Parties are ordered to carry out the settlement according to its terms.

**IT IS SO ORDERED**, this ___7___ day of July, 2020

_/s/ Terrence Boyle_
Terrence W. Boyle, United States District Judge

11

Case 5:19-cv-00155-BO     Document 47     Filed 07/07/20     Page 11 of 11